IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:06CV238-03-MU

| | |
|---|---|
| RICHARD DEVON COHRAN,            )<br>                                                          )<br>         Plaintiff,                             )<br>                                                          )<br>         v.                                         )<br>                                                          )<br>BUNCOMBE COUNTY DETENTION )<br>FACILITY, OFFICER JOHN WRIGHT, )<br>OFFICER JOHN LUTZ                       )<br>                                                          )<br>         Defendants.                        )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 16, 2006. (Document No. 1. )

Plaintiff, an inmate now housed at Mountain View Correctional Instutition, alleges that on or about January 23, 2006 when he was in the custody of Buncombe County Detention Facility, he was placed on suicide watch and during his one hour of recreation time, he fell down the stairs. Halfway down the stairs, Officer Lutz "stopped" him "driving his knee into [Plaintiff's] lower back causing [him] a lot of pain to [Plaintiff's] lower back and hip." (Complaint at 3.) Plaintiff also alleges that when he screamed in pain, Officer Lutz mocked him. Plaintiff alleges that Officer Lutz "slammed [his] head into the metal steps and violently twisted [his] left arm behind [his] back which [he] believe[s] caused permanent damage." (Complaint at 3.) Plaintiff was then handcuffed and escorted to his cell. Plaintiff alleges that after the handcuffs were removed, he noticed that the handcuffs cut the skin on both of his wrists.

On the following day, January 24, 2006, Plaintiff alleges that while in his cell facing the wall

1

and "pushing off like push ups", Officer Sallie asked him to stop. Plaintiff claims that he was not doing anything wrong. Officer Sallie then requested officer assistance. Officer Sallie then entered Plaintiff's cell and asked Plaintiff to get up on his bunk and face the wall. Plaintiff complied and Officer Sallie[1] slammed Plaintiff's face into the wall and placed handcuffs and shackles on Plaintiff. Plaintiff was then escorted to "the black chair" (Complaint at 4.) While on the way, Officer Wright came to help. Officer Wright was "holding [his] arm and forcing them up toward [Plaintiff's] head yelling to relax [his] arms and stop resisting while [Plaintiff] felt punches about [his] arm and [his] rib areas." (Attachment to Complaint, filed as Document No. 5.) Once in the booking area, Plaintiff was taken to the "black chair" where several other officers stood. Plaintiff was forced down into the chair while sitting on the handcuffs which caused severe pain. Plaintiff complained that his handcuffs were too tight and Lieutenant Honeycutt checked them and told Plaintiff they were not too tight. Plaintiff also complained that his knee hurt and he was not able to bend it. Lieutenant Honeycutt was able to bend Plaintiff's knee "strapping in [Plaintiff's] injured leg." (Document No. 5.) Plaintiff sat in this uncomfortable position for about four hours. Once released from the chair, Plaintiff tried to sooth his wrists and "noticed [his] right hand suffered nerve damage due to numbness." (Document No. 5.)

Once Plaintiff was back in his unit, he asked the nurse to document his complaint. Plaintiff was then seen by the acting doctor who examined Plaintiff and told him his knee injury was likely an old sports injury and that there was nothing to be done for it. Plaintiff alleges that his leg and knee hurt for several weeks and he walked with a limp for several weeks.

On August 16, 2006, Plaintiff filed the instant Complaint alleging that Officers Lutz and

---

[1] Officer Sallie is not a defendant.

2

Wright used excessive force against him. As an initial matter, the Court notes that Plaintiff may not have exhausted his administrative remedies, as is required by the Prison Litigation Reform Act ("PLRA") prior to filing his Complaint. On his form Complaint, Plaintiff indicated that he filed a grievance regarding the facts in his Complaint with the Buncombe County Detention Facility, however he was transferred to Mountain View Correctional Institution before he received a response to his grievance.[2]

## I. ANALYSIS

1. **Buncombe County Detention Facility is Not A Proper Defendant**

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Plaintiff named the Buncombe County Detention Facility as a Defendant in this case. Plaintiff's allegations are directed at conduct by Officers Lutz and Wright. Plaintiff has not alleged any policy or custom of the Buncombe County Detention Facility that would cause liability to attach. Therefore, the Buncombe County Detention facility is not an appropriately named party to this lawsuit.

---

[2] The PLRA, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

### 2. Plaintiff Has Not Stated An Excessive Force Claim

Plaintiff alleges that Officers Lutz and Wright used excessive against him. Generally, confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1970). However, as a practical matter, the contours of the Due Process Clause in this context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F,3d 1159, 1166-67 (4th Cir. 1997). When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). In addition, a plaintiff alleging an excessive force claim is also required to allege something more than a de minimis injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

Plaintiff claims that he suffered pain during the two "assaults," that his hands were cut due to the tightness of the handcuffs and that he believes he suffered "permanent damage"[3] when Officer Lutz twisted his arm behind his back. Plaintiff also contends that he sustained a knee injury during the second assault on January 24, 2006. Plaintiff's allegation that Officer Lutz's actions caused "permanent injury" is not supported by any facts. Plaintiff does not elaborate on his claim that he suffered permanent injury, nor does he allege any specifics with regard his to his "permanent injury."

---

[3] The Court notes that Plaintiff filed a second lawsuit on the same day this suit was filed alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 by the Asheville Police Department, the Buncombe County Detention Facility and Asheville Police Officer John Green based on an altercation which took place during his arrest on May 7, 2006. (1:06cv237). The Court has reviewed that Complaint and notes that Plaintiff does not complain of any permanent injury to his arm or his knee.

Plaintiff does not allege that he was taken to the hospital for his injuries and the doctor that examined Plaintiff at Mountain View following the second "assault" stated that Plaintiff's injury to his leg (Plaintiff alleges that Officer Lutz caused permanent injury to his arm) was due to a sports injury. With respect to the excessive force claim against Officer Wright, Plaintiff only contends that Officer Wright held his arm and forced them up toward his head. He also alleges that while Officer Wright was doing this to his arms, he felt punches about his arms and rib area. While Plaintiff complains about an injury to his knee, he does not include any facts in his Complaint which support an injury to his knee. In fact, the only factual allegations against Officer Wright are that while assisting Officer Sallie (not a named defendant), Officer Wright "bounced [Plaintiff] off the back wall" and held Plaintiff's arm forcing them up toward [Plaintiff's] head. Plaintiff does not allege any facts with respect to Officer Wright that support a claim of an injured knee.

A plaintiff cannot merely rely on "conclusory allegations" and "must present more than naked allegations" to survive dismissal. See Cochran v.Morris, 73 F.3d 1310, 1317 (4th Cir. 1989) and Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). While a state may not hold and physically punish an individual except in accordance with due process of law, there is a de minimis level of force with which the Constitution is not concerned. Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997) (holding that a pretrial detainee claiming excessive force must show more than a de minimis injury). Taking all of Plaintiff's allegations as true, the "assaults" he describes in his Complaint do not rise to the level of a Constitutional claim because he does not allege anything more than a de minimis injury as is required. Defendant has not stated a constitutional claim, therefore his claim must be dismissed.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Signed: August 24, 2006

Graham C. Mullen
United States District Judge